IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JOHN CROTTS**                                                            **PETITIONER**
Reg. #31171-009

**V.**                  **CASE NO. 2:18-CV-154-JM-BD**

**UNITED STATES OF AMERICA**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Petitioner John Crotts may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Crotts does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**      **Discussion:**

On November 8, 2018, Mr. Crotts filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #1) In his petition, he contends that the Bureau of Prisons ("BOP") failed to give him jailtime credit in calculating his sentence. He did not file a motion to proceed *in forma pauperis* and did not pay the filing fee.

By Order issued on November 26, 2018, the Court notified Mr. Crotts of several problems with his petition. In particular, the Court noted that, in dismissing his motion to

vacate his sentence under §2255, Judge Baker had directed him to exhaust his administrative remedies within the Bureau of Prisons ("BOP") and, if still dissatisfied, to seek relief under §2241. *United States v. Crotts*, No. 4:16-CR-272-KGB-2/*Crotts v. United States*, No. 4:18-CV0437-KGB (#67). Within a week of that order and without attaching any documents to demonstrate compliance with Judge Baker's Order, Mr. Crotts filed the underlying petition. Accordingly, the Court again instructed Mr. Crotts that if he wanted to proceed with a federal habeas petition, he would have to "amend his petition by demonstrating that he has exhausted his administrative remedies within the BOP." (#2) In the same order, the Court ordered Mr. Crotts to pay the filing fee or file a motion to proceed *in forma pauperis*. (*Id.*)

On December 7, 2018, Mr. Crotts moved to proceed *in forma pauperis* but did not amend his petition. (#3) A month has now passed without his filing an amended petition or any offering substantiation that he has exhausted his administrative remedies within the BOP.

### III.   Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Crotts has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. Crotts has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## IV.     Conclusion

For the reasons set forth above, the Court recommends that this lawsuit be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's November 26, 2018 Order. Mr. Crotts's pending motion to proceed *in forma pauperis* (#3) should be DENIED as moot.

DATED this 27th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE